IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,459






EX PARTE CLYDE MOORE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 03F0153-005 IN THE FIFTH JUDICIAL DISTRICT COURT
OF BOWIE COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of aggravated sexual assault of a child, and punishment was assessed
at thirty years' confinement. No direct appeal was taken.

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
conducted an evidentiary hearing, and entered findings of fact and conclusions of law
recommending that Applicant be granted an out-of-time appeal. We agree. Tex. Code
Crim. Proc. art. 26.04 (j) (2), requires appointed counsel to "represent the defendant until
charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is
relieved of his duties or replaced by other counsel". The duty to perfect an appeal attaches
whether counsel is appointed or retained. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim.
App. 1988). Knowing that Applicant wanted to appeal, counsel had the duty to timely file
a motion for new trial or give timely notice of appeal, unless relieved by the trial court or
replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number 03F0153-005 from the 5th District Court of Bowie County. 
The proper remedy in a case such as this is to return Applicant to the point at which he can
give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time
limits shall be calculated as if the conviction had been entered on the day that the mandate
of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must
take affirmative steps to see that notice of appeal is given within thirty days after the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: June 21, 2006